**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ESTER CARRILLO PENA,<br><br>                              Petitioner,<br><br>    v.<br><br>JEREMY CASEY, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-04382-BAS-AHG<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Maria Ester Carrillo Pena filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming she was detained by Immigration and Customs Enforcement ("ICE") without a warrant or bond hearing. (ECF No. 1.) She requests immediate release. (*Id.*) The Government does not oppose a bond hearing but provides an exhibit showing that Petitioner was arrested with an administrative warrant and opposes immediate release. (ECF No. 5, Ex. 1.) For the reasons stated below, the Court orders that Petitioner have a bond hearing before an Immigration Judge within 7 days.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ

- 1 -

is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since she is seeking release from custody, she has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of Mexico, has lived in the United States for more than 27 years. (Pet. ¶ 1, ECF No. 1.) She was married to a United States citizen spouse for more than 20 years. (*Id.* ¶ 24.) She is the mother of three U.S. citizen children, including one with autism for whom she is the primary caretaker. (*Id.* ¶ 4.) During her marriage, Petitioner was subject to prolonged and severe domestic violence. (*Id.* ¶ 24.) Her husband is currently serving a 19-year sentence. (*Id.*)

Petitioner has no criminal record. (Pet. ¶ 3.) She believed she was a legal permanent resident and had a green card, which she now realizes was counterfeit. (*Id.* ¶ 28.) On May 13, 2026, ICE arrested her on her way home from work. (*Id.* ¶ 1.) Although Petitioner claims this arrest was without a warrant, the Government provides proof that there was an administrative warrant issued for her arrest. (ECF No. 5, Ex. 1.) Relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Immigration Court has refused to give her a bond hearing.

The Ninth Circuit recently put to rest the issue of whether *Yajure Hurtado* remains good law in the Ninth Circuit. *Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026). It does not. *Vazquez*, slip op. at 10 ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The Government does not oppose the request for a bond hearing. (ECF No. 4.) To the extent the Government requests that it be given 14 days to effectuate this bond hearing because of workload constraints, the Court notes that *Vazquez* was issued one week ago, and the Government has been on notice that a bond hearing was

26cv4382

necessary in cases like this one, but nonetheless required Petitioner to go through the habeas process.  Thus, the Court orders a bond hearing within 7 days of the date of this Order.

To the extent Petitioner requests immediate release, *Vazquez* affirms that "a § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of evidence that he is not a flight risk or a danger to the community." *Vazquez*, slip op. at 15 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). Given her long history in the United States and lack of criminal record, this Court finds it likely that an Immigration Judge will find she has so demonstrated, but that is a determination delegated to the Immigration Court. Hence, the Court **GRANTS IN PART** the Petition to the extent it requests a bond hearing before an Immigration Judge, but declines to order immediate release.

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Maria Ester Carrillo Pena (A#221-401-382) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv4382